```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
      -against-                    :   S1 06 Cr. 34 (JFK)
                                   :     MEMORANDUM
_____:_   OPINION & ORDER
DARRYL WINFREE,                    :
                                   :
              Defendant.           :
-----------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

Defendant Darryl Winfree ("Winfree") moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the recent retroactive amendments to the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") that generally reduce the base offense levels for cocaine base ("crack") offenses. The Government agrees that a reduction in Winfree's sentence is warranted. For the reasons that follow, Winfree's sentence is modified and reduced from 78 to 63 months.

## BACKGROUND

On March 6, 2007, pursuant to a plea agreement, Winfree pleaded guilty to (1) possessing a firearm as a prior convicted felon, in violation of 18 U.S.C. § 922(g)(1); and (2) distributing and possessing with intent to distribute more than five grams of crack, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). At Winfree's June 6, 2007 sentencing hearing, the Court determined that Winfree's total offense level was 27 and Criminal History Category was II, yielding an applicable Guidelines

1

range of 78 to 97 months, which was the same range as was set forth in the plea agreement. The Court imposed a bottom-of-the-Guidelines sentence of 78 months. Winfree is currently projected to be released on August 15, 2011.

**DISCUSSION**

The retroactive crack amendment generally reduces by two levels the base offense levels corresponding to the crack quantity ranges in U.S.S.G. § 2D1.1(c)'s Drug Quantity Table. See U.S.S.G. Manual app. C, Amend. 706, as amended by Amend. 711 (eff. Nov. 1, 2007); § 1B1.10(c)(Mar. 3, 2008). A court has authority to grant a sentence reduction when retroactive application of the amendment would result in a lower applicable guideline range, as long as the reduction is consistent with the relevant policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Under the amended Guidelines, Winfree's offense level is reduced by two levels to 25. When combined with a Criminal History Category of II, Winfree's new offense level of 25 yields a Guidelines range of 63 to 78 months. This range is lower than the range of 78 to 97 months that applied at Winfree's sentencing. The government agrees that Winfree is therefore eligible for a sentence reduction and does not oppose reduction of his sentence to a term of imprisonment within the amended Guidelines range of 63 to 78 months.

Having considered Winfree's motion, the parties'

2

submissions, and the relevant factors set forth in 18 U.S.C. § 3553(a), this Court finds that, under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10, as amended, the Defendant's sentence should be reduced from 78 to 63 months. Such a reduction is consistent with the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(2). In addition, the Court finds that, based on a progress report submitted by the United States Bureau of Prisons, Winfree's post-sentencing conduct warrants this reduction and that he does not pose an unreasonable danger to any individual or the community. See Application Note 1(B) of U.S.S.G. § 1B1.10, as amended.

## CONCLUSION

For the reasons stated above, Winfree's motion is GRANTED and his sentence is hereby ORDERED reduced from 78 to 63 months. All other terms and provisions of the original sentence remain in effect.

**SO ORDERED.**

Dated:   New York, New York
         August  11 , 2008

                                    _____
                                    JOHN F. KEENAN
                                    United States District Judge